UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **RICHARD HARTLEY JR., ET AL.** | **:** | **DOCKET NO. 17-cv-1015** |
| **VERSUS** | **:** | **UNASSIGNED DISTRICT JUDGE** |
| **DON FARR MOVING AND STORAGE, ET AL.** | **:** | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is a Motion to Dismiss [doc. 4] filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure by defendants Don Farr Moving and Storage and Don Farr/Hindman Moving and Storage, d/b/a Exclusive Services, Inc. (collectively, "Don Farr/Hindman"/"defendants"). The plaintiffs in this matter, Richard Hartley Jr. and Meloni Hartley (collectively, "plaintiffs") oppose the motion. Doc. 7.

This matter has been referred to the undersigned in accordance with the provisions of 28 U.S.C. § 636. For the reasons below, **IT IS RECOMMENDED** that plaintiffs be given leave to amend. If no amendment is made, the Motion to Dismiss [doc. 4] should be **GRANTED** and the matter **DISMISSED WITH PREJUDICE**.

### I.
#### BACKGROUND

This matter arises from losses allegedly incurred by plaintiffs from an interstate shipment of plaintiffs' goods by truck, from Latrobe, Pennsylvania, to Leesville, Louisiana, under contract with carrier Don Farr/Hindman. Doc. 1, att. 1, p. 7. Specifically, plaintiffs allege that various household items were damaged in the shipment and others were never delivered. *Id.* at 8. Plaintiffs

filed suit in the 30th Judicial District, Vernon Parish, Louisiana, raising state law claims for breach of contract and negligence, and also requesting punitive damages and attorney's fees. *Id.* at 7–10. Defendants subsequently removed the matter to this court, asserting that federal question jurisdiction, 28 U.S.C. § 1331, exists because plaintiffs' claims arise under the Carmack Amendment, 49 U.S.C. § 14706.[1]

Defendants now bring the instant motion to dismiss, asserting that the Carmack Amendment preempts plaintiffs' state law claims as a matter of law and that the petition should thus be dismissed for failure to state a claim on which relief may be granted. Doc. 4. Plaintiffs oppose the Carmack Amendment's applicability and also seek to challenge the removal of this case in their opposition. Doc. 7.

## II.
### LEGAL STANDARD

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move for dismissal of a plaintiff's claim for failure to state a claim for which relief may be granted. To survive such a motion, "the plaintiff must plead 'enough facts to state a claim for relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Twombly*, 127 S.Ct. at 1974). In other words, the plaintiff must provide enough factual allegations which, taken as true, raise his right to relief "above the speculative level." *Twombly*, 127 S.Ct. at 1965. The court's task in evaluating a motion to dismiss under Rule 12(b)(6) is "not to evaluate the plaintiff's likelihood of success," but instead to determine whether it is both legally cognizable and plausible. *Billups v. Credit Bureau of Greater Shreveport*, 2014 WL 4700254, *2

---

[1] The Carmack Amendment, enacted in 1906 as an amendment to the Interstate Commerce Act, 49 U.S.C. § 13101 *et seq.*, creates "a national scheme to compensate shippers for goods damaged or lost during interstate shipping." *Wise Recycling, LLC v. M2 Logistics*, 943 F.Supp.2d 700, 702 (N.D. Tex. 2013) (citing *N.Y., New Haven & Hartford R.R. v. Nothnagle*, 73 S.Ct. 986 (1953)).

(W.D. La. Sep. 22, 2014) (quoting *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)).

## III.
### APPLICATION

Defendants assert that complete preemption of plaintiffs' claims under the Carmack Amendment results in their failure to state a claim on which relief may be granted. Plaintiffs maintain that this is "wholly a state case with [s]tate law remedies" and emphasize that they are also seeking recovery based on the insurance policy they purchased on their shipment.[2] Doc. 7.

As set forth supra under note 1, the Carmack Amendment represents Congress's intent to create a national scheme to compensate for losses incurred in interstate shipment. Accordingly, the Fifth Circuit holds that the Carmack Amendment "provides *the exclusive cause of action for loss or damages to goods arising from the interstate transportation of those goods by a common carrier*." *Hoskins v. Bekins Van Lines*, 343 F.3d 769, 778 (5th Cir. 2003) (emphasis in original). "[T]he Carmack Amendment preempts any common law remedy that increases . . . liability beyond 'the actual loss or injury to the property,' unless the shipper alleges injuries separate and apart from those resulting directly from the loss of shipped property." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 382 (5th Cir. 1998) (citation omitted). Accordingly, state law claims against a carrier for negligence and breach of contract arising from goods damaged or lost in interstate shipment are preempted by the Carmack Amendment. *E.g.*, *Chisesi Bros. Meat Packing Co., Inc. v. Transco Logistics Co.*, 2017 WL 2189829 (E.D. La. May 18, 2017). Punitive damages and attorney's fees are also not recoverable under the Carmack Amendment, and preemption under this law precludes such claims. *Morris*, 144 F.3d at 382–83 (5th Cir. 1998); *Accura Sys., Inc. v.*

---

[2] Plaintiffs allege that they purchased an insurance policy, covering losses up to $150,000, around the same time that they entered into their shipping contract with Don Farr/Hindman. Doc. 1, att. 1, p. 7.

*Watkins Motor Lines, Inc.*, 98 F.3d 874, 876–77 (5th Cir. 1996); *see, e.g.*, *Royal Air, Inc. v. AAA Cooper Transp., Inc.*, 395 F.Supp.2d 436, 441 (W.D. La. 2005).

Plaintiffs maintain that their claims are grounded in state law and that the Carmack Amendment is raised here as a defense. As defendants point out, however, plaintiffs' failure to expressly plead a Carmack Amendment complaint does not impact that statute's applicability. "When the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law." *Beneficial Nat. Bank v. Anderson*, 123 S.Ct. 2058, 2063 (2003).

Also unavailing is plaintiffs' argument that their claims based on the insurance policy they purchased on their shipment and bad faith of the carrier place their claims outside of the scope of the Carmack Amendment.[3] As defendants assert, the definition of "transportation" under the Interstate Commerce Act is broad and includes delivery and other services related to the movement of property. 49 U.S.C. § 13102(23)(B). Such claims, as well as those premised on the alleged bad faith of the carrier, would still arise out of the losses plaintiffs allegedly incurred in Don Farr/Hindman's transportation of their property. *See Rini v. United Van Lines, Inc.*, 104 F.3d 502, 504–06 (1st Cir. 1997) (state law claims alleging unfair and deceptive practices in claims process are preempted by Carmack Amendment); *Rouquette v. N. Am. Van Lines*, 2014 WL 5213850 (E.D. La. Oct. 14, 2014) (same); *see also Chisesi Bros. Meat Packing Co. v. Transco Logistics, Inc.*, 2017 WL 2573992, *7 (E.D. La. Jun. 14, 2017) (same).

---

[3] Plaintiffs rely on *Beers v. N. Am. Van Lines, Inc.*, 836 F.2d 910, 912 (5th Cir. 1988), in which the Fifth Circuit settled on a more narrow view of Carmack Amendment preemption. However, that case was overruled in *Hoskins*, supra, based on the Fifth Circuit's determination that preemption analysis used in *Beers* was invalidated by the Supreme Court's intervening decision in *Beneficial National Bank*, supra. *See Hoskins*, 343 F.3d at 774–78. Accordingly, *Beers* provides no persuasive authority for this court.

Plaintiffs fail to show any other claim falling outside of the statute's broad definition or any justification for enlarging the carrier's liability. Thus, even if they could challenge removal through their opposition to this motion rather than a Motion to Remand, they show no basis for such a challenge, and defendants have succeeded in showing that plaintiffs cannot state a claim for relief on the state law grounds presented. Accordingly the suit should be dismissed as requested under Rule 12(b)(6).

## IV.
### CONCLUSION

Based on the above, **IT IS RECOMMENDED** that the Motion to Dismiss [doc. 4] should be **GRANTED** and all claims dismissed with prejudice under Rule 12(b)(6).

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 19th day of October, 2017.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE